# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| CHASE EDWARD LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1211-JDT-cgc |
| | ) | |
| ALLEN CHALK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

The *pro se* prisoner Plaintiff, Chase Edward Lucas, who is incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* in the U.S. District Court for the Middle District of Tennessee. (ECF Nos. 1 & 2.) On October 24, 2018, U.S. District Judge Aleta A. Trauger granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4 at 1-3.) Judge Trauger also transferred the case to this district, where venue is proper. (*Id.* at 3.)

Lucas has sued Allen Chalk, identified as the Mental Health Coordinator at the WCF. Lucas alleges that he went to the WCF medical department to talk to Chalk about possible counseling for anxiety. He states that his anxiety stems from having been raped

twice during his incarceration in the Tennessee prison system. However, Chalk allegedly said that he believed Lucas was lying because his case had been dismissed as unsubstantiated due to lack of evidence. Chalk also allegedly said that because Lucas was bisexual, he "probably liked it." Lucas contends Chalk made the comments because he is biased against the gay and bisexual community at the WCF. (*Id.* at 5.) Lucas contends this violated his Eighth Amendment rights and also his right to equal protection of the law.[1] (*Id.*) He seeks monetary damages, a public apology, and for either Chalk's resignation or "appropriate disciplinary action." (*Id.* at 6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all

---

[1] Plaintiff asserts that Chalk's actions violated his rights under the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601 *et seq.* However, PREA does not create a private right of action that is enforceable by prisoners. *See Pullum v. Elola*, No. 3:14-cv-1233, 2016 WL 749204, at *11 (M.D. Tenn. Feb. 25, 2016).

2

well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Lucas's complaint is filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

> person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Lucas has asserted that Chalk's comments violated the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that prison officials acted with the requisite intent, that is, that the officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).

5

The Court finds the complaint does not sufficiently allege the objective component of an Eighth Amendment claim. Lucas does not allege that Chalk's statement that he was lying or the offensive comments about his sexuality posed a substantial risk of serious harm. Verbal slurs and derogatory comments generally do not satisfy the objective component of an Eighth Amendment claim. *See, e.g., Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs and other derogatory language"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits").

Furthermore, Lucas has not alleged facts suggesting that Chalk knew of a substantial risk that Lucas would suffer serious harm from his comments and acted with deliberate indifference to that risk. *See Farmer*, 511 U.S. at 834. Therefore, Lucas also has failed to establish the subjective component of an Eighth Amendment claim.

Lucas further asserts that Chalk's comments were a violation of his right to equal protection of the law. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc.*

v. *Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. Of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

Lucas's allegation that Chalk is biased against the gay and bisexual community at the WCF does not sufficiently state an equal protection claim. Lucas alleges only that Chalk made offensive comments about his sexuality; he does not allege that Chalk actually treated him differently compared to other similarly situated inmates.

Finally, Lucas's claims are barred under 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." The allegations in this case are not based on the fact that Lucas may have been raped or sexually assaulted; the complaint is concerned only with Chalk's comments. Lucas has not alleged that he suffered any physical injury as a result of those comments.

For the foregoing reasons, Lucas's complaint is subject to dismissal for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st

7

Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Lucas's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Lucas in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Lucas would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Lucas nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Lucas is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Lucas, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE