IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**CHASE EDWARD LUCAS,**

        **Plaintiff,**

v.                                                        Case 1:18-cv-01211-JDB-cgc

**ALLEN CHALK; ROBERT
COLETTE; CORECIVIC, INC.;
TONY PARKER; ARVIL CHAPMAN;
KEVIN GENOVESE; SHAWN PHILLIPS;
KENT A. COLBURN; DINA
KULENOVIK; HARDEMAN COUNTY,
TENNESSEE; JOHN AND JANE DOES;
and, XYZ CORPORATIONS,**

        **Defendants.**

---

**REPORT AND RECOMMENATION ON DEFENDANTS PARKER, GENOVESE, AND PHILLIPS' MOTION TO DISMISS**

---

      Before the Court is Defendants Tony Parker ("Commissioner Parker"), Kevin Genovese ("Warden Genovese"), and Shawn Phillips ("Warden Phillips") (collectively "Moving Defendants") Motion to Dismiss.  (Docket Entry ("D.E.") #35).  The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.  (D.E. #43).  For the reasons set forth herein, it is RECOMMENDED that the Moving Defendants' Motion to Dismiss be DENIED.

**I.     Introduction**

On October 9, 2018, Plaintiff Chase Edward Lucas, an inmate at the Whiteville Correctional Facility, filed a *pro se* Complaint against Defendant Allen Chalk ("Chalk") in the United States District Court for the Middle District of Tennessee alleging violations of his civil rights pursuant to 42 U.S.C. Section 1983 ("Section 1983"). (D.E. #1). Specifically, Plaintiff asserted violations of the Eighth Amendment to the United States Constitution against Chalk, the Mental Health Coordinator at the Whiteville Correctional Facility's ("Whiteville"), regarding Chalk's handling of Plaintiff's reports that he was raped during his incarceration. Plaintiff's Complaint was subsequently transferred to this Court. (D.E. #4, #5).

On October 30, 2018, this Court dismissed Plaintiff's *pro se* Complaint and certified that an appeal would not be in good faith. (D.E. #7). Plaintiff filed an appeal, and the United States Court of Appeals for the Sixth Circuit vacated the dismissal order and remanded with instructions to grant Plaintiff leave to amend on August 19, 2019. (D.E. #14, #15). On September 10, 2019, this Court entered an Order Re-Opening Case and Granting Plaintiff Leave to File an Amended Complaint. (D.E. #16). On October 1, 2019, Plaintiff, aided by counsel, filed an Amended Complaint, which is now the operative pleading in this case. (D.E. #17, #18).

Plaintiff's Amended Complaint alleges a much broader scope of deliberate indifference to his safety and his physical and mental health over the period of his incarceration at six different institutions within the Tennessee prison system—the Bledsoe County Correctional Complex ("BCCC"); the Hardeman County Correctional Facility ("HCCF"); the South Central Correctional Facility ("SCCF"); Whiteville; Turney Center Industrial Complex ("Turney"); and, Northwest Correctional Complex ("Northwest"). Specifically, under Section 1983, Plaintiff

raises the following causes of action: (1) deliberate indifference to Plaintiff's serious health needs in violation of the Eighth Amendment; (2) deliberate indifference to Plaintiff's serious need for safety and protection in violation of the Eighth Amendment; (3) violation of his right to equal protection under the law in violation of the Fourteenth Amendment; and, (4) retaliation under the First Amendment. (Am. Compl. at 43-44). As to the Moving Defendants, Plaintiff alleges as follows:

> 8. Defendant, TONY PARKER, is the TDOC Commissioner. Personally, and through his deputies and assistants, he is responsible for the custody, safety, and care of all TDOC inmates.
>
> . . . .
>
> 10. Defendant, KEVIN GENOVESE, is the warden of the Turney Center Correctional Complex. Personally, and through his deputies and assistants, he is responsible for the custody, safety, and care of all TDOC inmates confined at Turney.
>
> 11. Defendant, SHAWN PHILLIPS, is the warden of Northwest Correctional Complex. Personally, and through his deputies and assistants, he is responsible for the custody, safety, and care of all TDOC inmates confined at Northwest.
>
> . . . .
>
> 223. Defendant Tony Parker rose through the ranks at TDOC. Starting at Northwest, he became Warden. His promotions include: Western Regional TDOC Commissioner, Assistant Commissioner for Prisons, and Commissioner (through two Governors).
>
> 224. On information and belief, Commissioner Parker is familiar with PREA compliance failures within TDOC and with the poor performance of CoreCivic and Corizon. He is personally responsible for the cut in staff for oversight of their contracts.
>
> 225. Through his deputies and assistants (the "Doe" defendants, to be identified and named), Commissioner Parker is responsible for the consequences of his management of inmate health and safety and private vendor compliance with the law and the failures in same. He and his deputies and assistants have failed to train staff to protect the rights of LGBT inmates and prevent First Amendment retaliation.

> 226. In his individual capacity, he is answerable in damages. In his official capacity, he is needed for any injunction to be effective, given Mr. Lucas' frequent transfers among TDOC prisons over the last three plus years.
>
> 227. Defendants . . . Kevin Genovese, and Shawn Phillips are the Wardens of . . . Turney, and Northwest, respectively. Through their deputies and assistants and their medical/mental health clinical heads and administrators (the "Doe" defendants, to be identified and named), they are responsible for the consequences of management of inmate health and safety and private vendor compliance with the law and the failures in same.
>
> 228. On information and belief, they were notified of rapes within their institutions and of placement of inmate patients in leather four-point restraints. If they were not so notified, they chose to be deliberately indifferent to these issues.
>
> 229. In their individual capacities, they are answerable in damages. In official capacity, Warden Phillips and his Does are needed for any injunction to be effective, given Mr. Lucas' current place of incarceration.

Plaintiff further adds as follows with respect to the allegations contained in his Amended Complaint:

> Plaintiff has not had the benefit of discovery, and the pertinent records are in the custody of defendants or their agents. Counsel have received incomplete copies of medical records, and no copies of records involving institutional confinement at six Tennessee prisons or of investigations of plaintiff's allegations under the Prison Rape Elimination Act ["PREA"]. Therefore, some defendants are not identified, and some allegations are made on information and belief.

(Am. Compl. at 2).

The Moving Defendants assert that Plaintiff fails to state a claim against them because the allegations against them are devoid of specific factual support and because there is no *respondeat superior* liability in Section 1983 actions. The Moving Defendants further argue that the doctrine of qualified immunity prevents a suit against them for damages. Plaintiff responds that dismissal is premature, that he has adequately pled claims against the Moving Defendants, and that they are not entitled to qualified immunity.

4

**II.     Proposed Analysis**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir.2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the .... claim is and the grounds upon which it rests." *Id.* (citing *Twombly,* 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face' " to survive a motion to dismiss. *Twombly,* 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 US. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555).

A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678–79.

The central issue presented in the instant motion is whether Plaintiff's Amended Complaint seeks only to impose liability on the Moving Defendants on the basis of *respondeat superior*, which is not permissible under Section 1983, or whether it alleges conduct that rises to the level necessary to impose liability. "[A] public official may not be liable under § 1983 for the misconduct of those the official supervises unless the plaintiff can demonstrate that the official is culpable because he was personally involved in the allegedly inadequate medical care provided . . . or that he otherwise encouraged or condoned others in providing such inadequate medical care." *Estate of Young v. Martin*, 70 Fed. Appx. 256, 260 (6th Cir. 2003) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Martin*, 70 Fed. Appx. at 260 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)); *see also Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) ("[S]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. Instead, the liability must be based upon active unconstitutional behavior.").

Here, Commissioner Parker is alleged to be "familiar with PREA compliance failures within TDOC and with the poor performance of CoreCivic and Corizon" as well as "personally responsible for the cut in staff for oversight of their contracts." He is alleged to be "responsible for the consequences of his management of inmate health and safety and private vendor compliance with the law and the failures in same." Plaintiff further alleges that Commissioner

Parker, along with his deputies and assistants, have "failed to train staff to protect the rights of LGBT inmates and prevent First Amendment retaliation." While Plaintiff does not allege direct personal involvement in the allegedly inadequate inmate protections and medical care, the Amended Complaint suffices to plead that Commissioner Parker's actions condoned or knowingly acquiesced in the unconstitutional conduct. Accordingly, it is RECOMMENDED that Plaintiff has adequately plead a claim of Section 1983 liability against Commissioner Parker.

Next, Plaintiff makes two allegations against Warden Genovese and Warden Phillips. First, Plaintiff alleges that they are responsible for the consequences of management of inmate health and safety and private vendor compliance with the law "[t]hrough their deputies and assistants and their medical/mental health clinical heads and administrators (the "Doe" defendants, to be identified and named)." This allegation pleads the type of *respondeat superior* liability that is not proper under Section 1983. However, Plaintiff continues to allege that, "[o]n information and belief, they were notified of rapes within their institutions and of placement of inmate patients in leather four-point restraints. If they were not so notified, they chose to be deliberately indifferent to these issues." This allegation pleads that Warden Genovese and Warden Phillips were at the least condoning, implicitly authorizing, or approving the allegedly inadequate medical care and, at most, were personally involved in it. Accordingly, is RECOMMENDED that Plaintiff has adequately plead a claim of Section 1983 liability against Warden Genovese and Warden Phillips.

The Moving Defendants argue that, even if Plaintiff has adequately pled a Section 1983 claim against them, the doctrine of qualified immunity prevents a suit against them for damages. The doctrine of qualified immunity seeks to ensure that, before officials are subjected to suit,

they are on notice that their conduct is unlawful. *Martin*, 70 Fed. Appx. at 259 (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001). "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz,* 533 U.S. 194, 200 (2001), *overruled on other grounds by Pearson v. Callahan,* 555 U.S. 223 (2009) (internal quotation marks and citations omitted). This standard requires courts to examine the right asserted "at a relatively high level of specificity, and on a fact-specific, case-by-case basis." *O'Malley v. City of Flint,* 652 F.3d 662, 668 (6th Cir.2011) (internal quotation marks and alterations omitted).

The doctrine of qualified immunity shields government officials performing discretionary functions from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Supreme Court has held that for a constitutional right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

With respect to Plaintiff's Eighth Amendment claims of deliberate indifference to his health and safety, the Supreme Court has held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted). Furthermore, on several occasions, courts have recognized an inmate's right to be free from prison violence as clearly established. *See, e.g., Leary v. Livingston Cty.*, 528 F.3d 438, 442 (2008) (noting that the right to be free from violence at the hands of other prisoners is clearly established); *Doe v. Bowden*, 254 F.3d 617, 620 (6th Cir. 2001) ("The right of an inmate to be protected from an attack by a fellow inmate

8

was well established at the time the events in question took place."); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990) ("On several occasions, we have held that 'deliberate indifference' of constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another...."). Thus, it is RECOMMENDED that the constitutional right to be free from deliberate indifference to assault and sexual abuse under the Eighth Amendment was clearly established at the time of the alleged constitutional violation.

With respect to Plaintiff's due process claim, the Fourteenth Amendment generally does not confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Shively v. Green Local Sch. Dist. Bd. of Educ.*, 579 Fed. Appx. 348, 355 (6th Cir. 2014) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 196 (1989)). Otherwise stated, the Due Process Clause's purpose is "to protect people from the State, not to ensure that the State protects them from each other." *Deshaney*, 489 U.S. at 196. Despite this general rule, a state-created danger exception applies where a state actor "creates a dangerous situation or renders citizens more vulnerable to danger." *Shively,* 579 Fed. Appx. At 355 (citing *Jasinski v. Tyler,* 729 F.3d 531, 538–39 (citing *Butera v. Dist. of Columbia,* 235 F.3d 637, 648–49 (D.C.Cir.2001)). A plaintiff may bring a substantive due process claim by establishing as follows: (1) an affirmative act by the State that either created or increased the risk that the plaintiff would be exposed to private acts of violence; (2) a special danger to the plaintiff created by state action, as distinguished from a risk that affects the public at large; and (3) the requisite state culpability to establish a substantive due process violation. *Shively*, 579 Fed. Appx. 355 (quoting *Jasinksi*, 729 F.3d at 538-39. In determining whether an affirmative state act increased

the risk of harm to an individual, the question is whether the individual was safer before the state action than after it. *Id.* at 539.

Here, Plaintiff does not delineate the facts upon which his Equal Protection claims rest. (*See* Am. Compl. at 43). However, his Complaint as a whole alleges that he is less safe because of Commissioner Parker's "cut in staff for oversight of their contracts" and because of Warden Genovese and Warden Phillips' knowledge "of rapes within their institutions and of inmate patients in leather four-point restraints." It is RECOMMENDED that these allegations are sufficient to plead that the Moving Defendants are not entitled to qualified immunity for Plaintiff's Fourteenth Amendment claim.

III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that the Moving Defendants' Motion to Dismiss be DENIED.

**SIGNED** this 11th day of February, 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**