IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHASE EDWARD LUCAS,

    Plaintiff,

  v.                                                                                                                  No. 1:18-cv-01211-JDB-cgc

ALLEN CHALK et al.,

    Defendants.

ORDER CONVERTING DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS INTO A MOTION FOR SUMMARY JUDGMENT

Before the Court is the motion of Defendants, Allen Chalk, Dina Kulenovic, and Corizon Health, Inc. ("Corizon"), for judgment on the pleadings as to Plaintiff's amended complaint, (Docket Entry ("D.E.") 47; D.E. 48), Plaintiff, Chase Edward Lucas's, response in opposition, (D.E. 52), and Defendants' reply, (D.E. 53).

On October 9, 2018, Lucas, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint against Chalk, pursuant to 42 U.S.C. § 1983, claiming that Chalk violated his Eighth Amendment rights. (D.E. 1.) As required by 28 U.S.C. § 1915A, the Court screened Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) and dismissed it *sua sponte* for failure to state a claim. (D.E. 7.) The Court also denied Lucas leave to amend his complaint. (*Id.*) On appeal, the Sixth Circuit agreed that the complaint failed to state a claim but vacated the dismissal and remanded the case with instructions to grant Plaintiff leave to amend. (D.E. 14.) Neither the initial screening of Plaintiff's complaint nor the subsequent review by the Sixth Circuit addressed Plaintiff's admission that he had not "presented these facts to the prison

authorities through the state grievance procedure," as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).[1] (*See* D.E. 1 at PageID 4.)

On October 1, 2019, Lucas, now assisted by counsel, filed an amended complaint asserting violations of the Eighth Amendment for deliberate indifference to his medical needs and to his need for safety and protection, the First Amendment for retaliation, and the Fourteenth Amendment's Equal Protection Clause.[2] (D.E. 17 at PageID 76–77.) Plaintiff's amended pleading omitted his prior statement about not filing an initial grievance and is silent on the issue of exhaustion. Subsequently, the case was reassigned to the undersigned. (D.E. 20.)

In support of their motion for judgment on the pleadings, Defendants point to Lucas's admission in his original complaint and contend that they are entitled to judgment as a matter of law since he made no affirmative effort to exhaust his administrative remedies. (D.E. 48 at PageID 381–82.) In response, Plaintiff does not dispute his prior admission but rather avers that his initial complaint "is a nullity" as it was superseded by his amended complaint. (D.E. 52 at PageID 403 (citing *B&H Medical, LLC v. ABP Administration, Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008).) Lucas further contends that his claims were exempt from the Tennessee Department of Correction's ("TDOC") grievance procedure and, thus, he was not required to exhaust his administrative remedies before filing suit. (D.E. 52 at PageID 405.)

---

[1] Since Lucas admitted in his initial complaint that he made no attempt to exhaust his administrative claims prior to filing suit, leave to amend his complaint should have been denied as futile. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) (affirming that the PLRA's exhaustion requirement is mandatory and that "unexhausted claims cannot be brought in court").

[2] Plaintiff's amended pleading also added Robert Collette, CoreCivic, Inc., Corizon Health, Inc., Tennessee Department of Corrections Commissioner Tony Parker, Warden Arvil Chapman, Warden Kevin Genovese, Warden Shawn Phillips, Kent Colburn, O.D., Dina Kulenovik, Psy. D., and Hardeman County, Tennessee, as defendants. (D.E. 17.) Lucas further asserted claims against John and Jane Does and XYZ Corporations. (*Id.*)

Although the Court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" without converting a Rule 12(c) motion into one for summary judgment, *Robinson v. Jackson*, 615 F. App'x 310, 312 (6th Cir. 2015) (citation omitted), it may not treat Plaintiff's admission in his superseded complaint as a binding judicial admission, *see Kay v. Minacs Group (USA), Inc.*, 580 F. App'x 327, 331 (6th Cir. 2014) (citation omitted) (emphasis added) ("Factual assertions in pleadings . . . , *unless amended*, are considered judicial admissions conclusively binding on the party who made them."); *W. Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171–72 (3d Cir. 2013) (collecting cases from the First, Third, Fifth, Seventh, and Ninth Circuits holding the same); *Woodard v. Etue*, No. 18-12560, 2019 WL 3842907, at *3 (E.D. Mich. Aug. 15, 2019).

Accordingly, the Parties are ORDERED to submit supplemental briefs and supporting materials addressing: (1) whether Lucas's claims are subject to the TDOC's inmate grievance procedure; (2) what the TDOC's grievance procedure requires for exhaustion; (3) whether Plaintiff exhausted, or made affirmative efforts to exhaust, his administrative remedies before filing his initial complaint; and (4) whether administrative remedies were available to Lucas. The Parties are further ORDERED to comply with discovery requests that relate to exhaustion. Defendants' supplemental brief and materials are due by March 25, 2020, and Lucas's response is due by April 10, 2020.

IT IS SO ORDERED this 25th day of February 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE