IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHASE EDWARD LUCAS,

    Plaintiff,

v.                                                                                      No. 1:18-cv-01211-JDB-cgc

ALLEN CHALK *et al.*,

    Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (D.E. 56)

---

Before the Court is the motion of Plaintiff, Chase Edward Lucas, for an extension of time to effectuate service on Defendant, Kent A. Colburn, and for an order requiring Defendant Corizon Health, Inc. ("Corizon") to provide him with all addresses it has for Colburn. (Docket Entry ("D.E.") 56.) Defendants, Allen Chalk, Dina Kulenovik, and Corizon, filed a response in opposition, (D.E. 58), and Lucas submitted a reply, (D.E. 60).

BACKGROUND

On October 1, 2019, Plaintiff filed an amended complaint naming eleven defendants.[1] (D.E. 17.) Pursuant to Fed. R. Civ. P. 4(m), the ninety-day period to effectuate service expired on December 30, 2019. As of December 30, Lucas had served ten of the eleven Defendants. (*See* D.E. 21–28, 31–32.) Twenty-nine days after the deadline, on January 28, 2020, Lucas filed a motion for an extension of time to serve the eleventh Defendant, Colburn. (D.E. 56.)

Plaintiff offers six reasons in support of his motion. First, he asserts that his request

---

[1] The named Defendants include: Chalk, Kulenovik, Corizon, CoreCivic, Inc., Robert Collette, Tennessee Department of Correction Commissioner Tony Parker, Warden Arvil Chapman, Warden Kevin Genovese, Warden Shawn Phillips, Colburn, and Hardeman County, Tennessee. The amended complaint also asserts claims against unnamed Defendants, including

would have been timely before the most recent amendment to Rule 4(m), and notes that the Rule itself allows the Court to expand the time for service beyond 90 days. (*Id.* at PageID 450.) Second, Lucas claims that he attempted to serve Colburn via certified mail that was sent to his private office in Clarksville, Tennessee, but that the letter was returned as "Unable to Forward." (*Id.*) Plaintiff does not provide the date on which the certified letter was sent. Third, he notes that "[t]he website maintained by the State of Tennessee to verify a license of Health Care Professionals lists the address of [Colburn] as 'Corizon Health/Quality Correct, Brentwood, TN 37027,'" but that it does not provide a street number. (*Id.*) Apparently, Plaintiff discovered a street number for Colburn's Brentwood address, as he avers that he attempted to serve Colburn at this address by certified mail. (*Id.* at PageID 451.) Again, however, Lucas does not provide the date of this purported attempt. Next, Plaintiff asserts that "[f]urther fact investigation and/or discovery from Corizon is needed to ascertain Colburn's location," but that Corizon, Colburn's former employer, has refused to provide any address(es) that it may have for him. (*Id.*) Fifth, Lucas claims that none of the Defendants will suffer any prejudice to their defense if an extension is granted. And lastly, Plaintiff contends that the postal service's inability to forward certified mail to Colburn, the omission of a street number on the State of Tennessee's website, and Corizon's refusal to disclose Colburn's address, "all lead to a reasonable inference that [Colburn] may be evading service of process." (*Id.*)

In response, Defendants contend that Lucas fails to give any justification that constitutes "excusable neglect" for his untimely motion and point out that he made no effort to seek an extension until nearly a month after the deadline expired. (D.E. 58 at PageID 481.) They further aver that there is no legal authority to support Plaintiff's request for an order requiring one defendant to provide opposing counsel with the last known address of a former

---

John and Jane Does and XYZ Corporations.

employee/co-defendant.  (*Id.*)

In his reply, Lucas asserts that he was unaware that Colburn was a former employee of Corizon until Defendants submitted their response and that if an extension is not granted then his claims against Colburn "could" be time-barred.  (D.E. 60 at PageID 493–94, 96.)  The remainder of his reply addresses district court opinions that ordered a party, and even one non-party, to provide the address of a former employee.

## ANALYSIS

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In turn, Rule 6(b) provides:

> When an act may or must be done within a specified time, the court *may*, *for good cause*, extend the time on motion made after the time has expired *if* the party failed to act because of *excusable neglect*.

Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).  Plaintiff does not dispute that he failed to timely serve Colburn.  And since his request for an extension was made after the deadline expired, Rule 6(b)(1)(B) applies.  Even assuming that Lucas' proffered reasons establish "good cause" for his failure to timely serve Colburn,[2] the Court finds that he has not demonstrated "excusable neglect" for his untimely motion.

"[T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors:  (1) the danger of prejudice to the nonmoving party, (2) the length of the

---

[2] The Court observes, however, that ignorance of the law and lack of prejudice to the defendant are insufficient to establish good cause.  *See, e.g.*, *Molina-Crespo v. United States MSPB*, 547 F.3d 651, 662 (6th Cir. 2008); *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992).

delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The reason for the delay is the most critical factor, and 'attorney error or inadvertence will not ordinarily support a finding of excusable neglect.'" *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017) (quoting *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006)).

As to the first factor, Plaintiff contends that no prejudice will result to Defendants if an extension is granted. Since Defendants do not rebut this assertion, the Court finds that this factor weighs in Lucas' favor. Next, the Court finds that the length of Plaintiff's delay weighs against him. Lucas waited twenty-nine days after the expiration of the deadline to request a 90-day extension to serve Colburn. Plaintiff does not address how such a delay may impact these proceedings, but the Court notes that the potential impact from an additional 90-day delay is not insignificant, as there are four dispositive motions pending on the Court's docket—two of which are motions for summary judgment concerning Lucas' admission in his original *pro se* complaint that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. *See Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 267 (6th Cir. 2009) (affirming district court's conclusion that there was a "significant impact on the judicial proceedings" where a three-week delay "interfered with the district court's ability to expediently resolve the summary judgment motion prior to trial and mediation"); *see also Allen v. Murph*, 194 F.3d 722 (6th Cir. 1999) (concluding that a 13-day delay, which was the result of counsel's carelessness, was inexcusable); *America's Collectibles Network, Inc. v. Syndicate*

4

*1414*, 2009 WL 2929417 (E.D. Tenn. Sept. 8, 2009) (finding that no excusable neglect existed for counsel's 28-day delay in filing motion). Accordingly, this factor goes against granting Plaintiff an extension.

Regarding the third, and most important, factor, Plaintiff avers that because Rule 4(m) previously provided for 120 days to effectuate service, his untimely motion should be excused. This argument is without merit, as it well established that, "even in civil suits, 'ignorance of the law' does not excuse the failure to follow it." *Molina-Crespo v. United States MSPB*, 547 F.3d 651, 662 (6th Cir. 2008) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561–62 (6th Cir. 2000)). The only reason for the delay is Plaintiff's attorney's inattentiveness to the Federal Rules of Civil Procedure. Further, the "most recent amendment" to Rule 4(m)'s service deadline took effect on December 1, 2015—nearly four years before Plaintiff filed his amended complaint. The Court finds that this factor weighs heavily against granting Lucas an extension.

Moreover, Plaintiff's delay in seeking an extension was undoubtedly within his control. Lucas asserts that he did not know that Colburn was a former employee of Corizon and that Colburn "may be evading service of process," but neither of these assertions are valid reasons for why he could not have filed his motion within the prescribed deadline. It was counsel's own inadvertence that led to the delay. Further, while there does not appear to be any bad faith on the part of Plaintiff, it is unclear whether he acted in good faith as he fails to disclose the dates on which he purportedly attempted to serve Colburn. Considering that Lucas was aware that any future attempts to serve Colburn would likely be unsuccessful, his failure to timely seek an extension further shows that he was not diligent in meeting this deadline. As such, the Court finds that these factors weigh against Lucas.

5

Accordingly, after weighing the factors above, the Court concludes that Plaintiff has not demonstrated that his failure to act was the result of excusable neglect.

## CONCLUSION

For the reasons herein, Plaintiff's motion is DENIED.

IT IS SO ORDERED this 8th day of July 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
