IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHASE EDWARD LUCAS,

    Plaintiff,

v.                                       Case No. 1:18-cv-01211-JDB-cgc

ALLEN CHALK; ROBERT
COLETTE; CORECIVIC, INC.;
TONY PARKER; ARVIL CHAPMAN;
KEVIN GENOVESE; SHAWN PHILLIPS;
KENT A. COLBURN; DINA KULENOVIK;
HARDEMAN COUNTY, TENNESSEE;
CORIZON, INC.,

    Defendants.

ORDER GRANTING DEFENDANT KENT A. COLBURN'S MOTION TO CONFORM JUDGMENT

I.        INTRODUCTION

Before the Court is the motion of Defendant, Kent A. Colburn, (Docket Entry ("D.E.") 106), seeking to conform judgment, pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to include Colburn in this Court's order granting summary judgment to Allen Chalk, Dina Kulenovik, and Corizon, Inc. (D.E. 105.) Plaintiff has not filed a response to Colburn's motion. As such, this matter is ripe for decision.

For the reasons set forth herein, the court will **GRANT** Colburn's motion to conform. (D.E. 106.) Therefore, Plaintiff's claims against Colburn are **DISMISSED**.

II.       BACKGROUND

On October 9, 2018, Lucas, a Tennessee state inmate at the Whiteville Correctional Facility ("WCF"), filed a pro se complaint against Defendant, Allen Chalk, in the United States District

1

Court for the Middle District of Tennessee alleging violations of his civil rights pursuant to Section 1983. (D.E. 1.) Specifically, Plaintiff asserted violations of the Eighth Amendment to the United States Constitution against Chalk, the Mental Health Coordinator at WCF, regarding Chalk's handling of Plaintiff's reports that he was raped during his incarceration. (D.E. 1.) Plaintiff's complaint was subsequently transferred to this Court. (D.E. 4, 5.)

On October 30, 2018, this Court dismissed Plaintiff's complaint and certified that any appeal would not be taken in good faith. (D.E. 7.) Plaintiff appealed the decision to the United States Court of Appeals for the Sixth Circuit which vacated the dismissal and remanded with instructions to grant him leave to amend on August 19, 2019. (D.E. 14, 15.) On September 10, 2019, this Court ordered the re-opening of the case and granted Plaintiff leave to file an amended complaint. (D.E. 16.) In October of 2019, the inmate, through counsel, filed his amended complaint, which is now the operative pleading in this case. (D.E. 18.)

Plaintiff's amended complaint added several new defendants to this case, including Dr. Kent. A. Colburn, who is an employee of Corizon, Inc. and has provided mental health treatment to Plaintiff in the form of tele-psychiatry, (D.E. 106 at Page ID 1374), as well as Dina Kulenovik, and Corizon, Inc. (D.E. 18.) In addition to including these defendants, the amended complaint set forth a much broader scope of deliberate indifference to Plaintiff's safety and his physical and mental health over the period of his incarceration within the Tennessee prison system. (D.E. 18.) Specifically, under Section 1983, Plaintiff raises the following causes of action: (1) deliberate indifference to his serious health needs in violation of the Eighth Amendment; (2) deliberate indifference to his need for safety and protection in violation of the Eighth Amendment; (3) violation of his right to equal protection under the law in violation of the Fourteenth Amendment; and, (4) retaliation under the First Amendment. (D.E. 18 at PageID 76-77.)

On November 25, 2019, Allen Chalk, Dina Kulenovik, and Corizon, Inc. (collectively, "Corizon Defendants") filed a motion for judgment on the pleadings alleging that Plaintiff failed to exhaust his administrative remedies. (D.E. 47.) At that time, Defendant Colburn had not been served with a copy of the amended complaint. (D.E. 106 at PageID 1372.) And, as such, he was not a party to the motion. *See* (D.E. 47.) Plaintiff filed a response in opposition to the Corizon Defendants' motion for judgment on the pleadings, (D.E 52), to which the Corizon Defendants replied on December 10, 2019, (D.E. 53).

On February 25, 2020, this Court issued an order noting that since Plaintiff admitted in his initial complaint that he made no attempt to exhaust his administrative claims prior to filing suit, leave to amend his complaint should have been denied as futile. (D.E. 63 at PageID 543-44, n.1.) That order also stated that the Court would treat Defendants' motion as a motion for summary judgment. (D.E. 63.) Additionally, it directed both parties to file supplemental briefs addressing the following: whether Plaintiff's claims are subject to the Tennessee Department of Correction's grievance procedure; what that grievance procedure requires for exhaustion; whether Plaintiff exhausted or attempted to exhaust his administrative remedies before filing the initial complaint; and whether administrative remedies were available to Plaintiff. (D.E. 63.)

Colburn was served with the amended complaint in February of 2020. (D.E. 106 at 1373.) On March 2, 2020, Colburn answered the complaint and denied any liability. (D.E. 66.) On March 25, 2020, the Corizon Defendants filed a motion for summary judgment. (D.E. 71.) Colburn was included as a party in the Corizon Defendants' motion. (D.E. 71.) In that motion, it was noted that Colburn had not been served at the time the Corizon Defendants' motion for judgment on the pleadings was filed, but that Colburn adopted the Corizon Defendants' arguments from the same. (D.E. 71 at PageID 844, n.1.)

On April 9, 2020, Plaintiff filed a request for extension of time to respond to the Corizon Defendants' motion for summary judgment. (D.E. 75.) On April 13, 2020, the Court entered an Order granting Plaintiff's motion while also instructing the parties to file supplemental briefs. (D.E. 80.) On July 2, 2020, Defendants filed their supplemental brief, to which Defendant Colburn was also a party. (D.E. 96.) On August 25, 2020, the Court entered an Order granting Corizon Defendants' motion for summary judgment, and dismissing Plaintiff's complaint without prejudice. (D.E. 105.) That Order did not address Colburn. (D.E. 105.) Instead, it addressed Defendants Chalk, Kulenovik, and Corizon, Inc. (D.E. 105.)

On August 31, 2020, Defendant Colburn filed a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure seeking to conform this Court's order granting summary judgment so that Defendant Colburn would be included in that order. (D.E. 106.) Colburn avers that this was likely an unintentional oversight by the Court. (D.E. 106 at PageID 1373.) Colburn submits that when he answered the amended complaint, (D.E. 66), he was and intended to be included in the parties that made up the Corizon Defendants, (D.E. 106 at Page ID 1374). Colburn points to his inclusion as a party in both the Corizon Defendants' motion for summary judgment and the supplemental brief as evidence of his inclusion as a member of those Defendants and their motion. (D.E. 106 at Page ID 1374.)

Defendant also avers that including him in the order on summary judgment would accurately reflect the intentions of the Court in that order. (D.E. 106 at Page ID 1374.) He states that the Court's findings of fact and conclusions of law dictate that Plaintiff failed to exhaust his administrative remedies as to the claims in his amended complaint, including those against Colburn. (D.E. 106 at Page ID 1374-75.) Therefore, according to Colburn, Plaintiff's claims against him should be dismissed. (D.E. 106 at Page ID 1374.) Colburn also states that he filed

4

this motion to promote judicial efficiency, however, if this Court denies his motion, he will file his own motion for summary judgment that mirrors the arguments contained in the motions filed by the Corizon Defendants. (D.E. 106 at PageID 1375.) Plaintiff did not file a response to Colburn's motion to clarify.

### III.     STANDARD OF REVIEW

Rule 60(a) provides, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Several legal authorities offer guidance on Rule 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d at 440 (citing 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2854 (2d ed. 1995)). Errors covered by Rule 60(a) include clerical mistakes made by judges as well as ministerial employees. *In re Walter*, 282 F.3d at 440 (citing *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir. 1987)). Rule 60(a) does not, however, give a court authority to reconsider its legal analysis or correct an "error[ ] of substantive judgment." *In re Walter*, 282 F.3d at 440 (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990)). Further, "[t]he need to consider evidence outside the record is some indication that the error involved is not merely clerical." *In re LSC Liquidation, Inc.*, 699 F. App'x 503, 507 (6th Cir. 2017) (quoting *Olle*, 910 F.2d at 363).

### IV.     ANALYSIS

After receiving Colburn's motion, the Court discovered that it did not include him as a party to the order granting the Defendants' motion for summary judgment because of an

5

oversight by the Court. The Court simply overlooked that Colburn was included as a party in the motion for summary judgment and that he adopted the Corizon Defendants' arguments.

Additionally, according to Colburn,[1] he was served with process in February of 2020. (D.E. 106 at PageID 1373.) The deadline to serve Colburn had already expired, however, Colburn's participation in this case is sufficient to waive proper service of process. *See Bagetta v. Caruso*, No. 1:07-CV-27, 2008 WL 723556, at *2 (W.D. Mich. Mar. 12, 2008) (citing *Vax-D Medical Technologies, LLC v. Texas Spine Medical Center,* 485 F.3d 593, 597 (11th Cir. 2007) and *Ahern v. Neve,* 285 F.Supp.2d 317, 320-21 (E.D. N.Y. 2003) (holding that the defendants waived service of process by filing a motion for summary judgment and indicating that participating in a case for a significant amount of time also results in the waiver of service of process). Colburn's participation in this case spans approximately 10 months and includes filing an answer, filing a motion for summary judgment, adopting the Corizon Defendants' arguments in their motion for judgment on the pleadings, and filing a supplemental brief. Therefore, based on his extensive participation in this litigation, Colburn has purposefully waived timely service of process and should have been a party to the order granting the Corizon Defendants' summary judgment. *See Bagetta*, 2008 WL 723556, at *2 (citing *Vax-D Medical Technologies, LLC*, 485 F.3d at 597 and *Ahern,* 285 F.Supp.2d at 320-21).

As stated above, Rule 60(a) provides this Court the opportunity to correct "a mistake arising from oversight." Fed. R. Civ. P. 60(a). Given that this mistake was an oversight, Defendant Colburn's motion to conform judgment is **GRANTED**. (D.E. 106.) As this Court held in the order granting summary judgment for the Corizon Defendants, (D.E. 105), since the dismissal of Plaintiff's claims against Colburn are based on Plaintiff's failure to satisfy the Prison Litigation

---

[1] Plaintiff has not filed an executed summons as to Colburn on the docket sheet.

6

Reform Act's ("PLRA") exhaustion requirement, Plaintiff's claims against Colburn are **DISMISSED** without prejudice.  *See Russ v. TDOC*, No. 19-5656, 2020 WL 3317753, at *3 (6th Cir. Jan. 15, 2020) ("Under the PLRA, the appropriate way to dispose of unexhausted claims is to dismiss them without prejudice.").

    IT IS SO ORDERED this 14th day of January 2021.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE